United States District Court
Southern District of Texas
**ENTERED**
December 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARVIN JUAN AZ IXCOY, § | |
| A # 242-348-583 § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-5634 |
| § | |
| WARDEN MARTIN L. FRINK, *et al.* § | |
| § | |
| Respondents. § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Marvin Juan Az Ixcoy is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Houston Contract Detention Facility. Through counsel, Az Ixcoy filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) and a motion for a temporary restraining order (Dkt. 2).

The petitioner states that he is a native and citizen of Guatemala; that he fled Guatemala in 2007 due to threats of violence; that he entered the United States without inspection on September 6, 2007; that he has applied for asylum and withholding of removal; that respondents granted him employment authorization on February 12, 2025, which is valid through February 18, 2030; that ICE detained him on October 31, 2025, and entered him into removal proceedings; that an immigration judge held a custody

redetermination hearing on Nov. 17, 2025; and that the immigration judge denied a bond redetermination for lack of jurisdiction to set bond (Dkt. 1; *see* Exhibits A-H to Dkt. 1). He claims that the respondents have not articulated a meaningful reason to detain him pending the outcome of removal proceedings. He seeks immediate release from custody, among other relief.

The federal respondents oppose habeas relief and argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) (Dkt. 7). They also assert that the petitioner has not exhausted administrative remedies. Warden Frink has joined in the federal respondents' response (Dkt. 9).

Having considered the parties' arguments and all matters of record, the Court determines that the petitioner, who entered the United States in 2007, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines that the exhaustion doctrine does not bar judicial review. *See id*. at * 3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion

is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *6 (W.D. Tex. Sept. 22, 2025).

The Court therefore **ORDERS** that the respondents' request for dismissal or summary judgment (Dkt. 7) is **DENIED**. The petitioner's petition for habeas relief is **GRANTED**.

The Court further **ORDERS** the parties to appear at a hearing by Zoom on **Monday, December 22, 2025**, to discuss appropriate habeas relief in this case. The Court will issue a separate order setting the hearing. At the hearing, the petitioner will have an opportunity to propose specific remedies and timing of the remedies. The respondents will have an opportunity to respond. The parties are **INSTRUCTED** to confer before the hearing to identify any areas of agreement between them.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____December 17_____, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE